IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KATE CROUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO. 1:11-CV-00397-TCB-RGV |
| FEDERAL NATIONAL MORTGAGE | ) | |
| ASSOCIATION, and | ) | |
| GMAC MORTGAGE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## INITIAL DISCLOSURES OF DEFENDANTS

Defendants Federal National Mortgage Association ("FNMA") and GMAC Mortgage, LLC ("GMAC") make the following initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) and Local Rule 26.1, based on information currently available to them. These initial disclosures are made without waiver of any applicable objections, including without limitation:

- any objections to the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity;

- any objections based upon lack of relevance, that information or documents are confidential, that the production of documents would be unreasonably cumulative or duplicative, that the information can be obtained from other

source(s) more conveniently, with less burden and less expense, or, or that

the burden or expense of discovery outweighs its likely benefit; and/or

- any objections to the production of witnesses, documents, or things that are

   outside of the jurisdiction of the Court and/or beyond Defendants'

   possession or control.

These initial disclosures are made early in this litigation and may, if warranted, be

supplemented, modified, or amended, pursuant to Fed. R. Civ. P. 26(e) and Local

Rule 26.1.

   **(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response:**

   Not applicable.


   **(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

   None at this time.


   **(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.**

   In 2006, Plaintiff obtained a mortgage loan secured by real property located

at 3635 Prestwick Drive, Tucker, DeKalb County, Georgia 30084.  GMAC

subsequently took over servicing the loan. Plaintiffs defaulted on the terms of the loan, and foreclosure was initiated. The foreclosure sale occurred on November 2, 2010. The foreclosure is proper in all respects, and Defendants deny any liability.

**(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

In accordance with Fed. R. Civ. P. 26(e) and Local Rule 26.1, Defendants reserve the right to supplement this disclosure: O.C.G.A. § 13-5-30; O.C.G.A. §§ 23-2-114, 44-14-160 *et seq.;* Gordon v. South Central Farm Credit, ACA, 213 Ga. App. 816, 817 (1994); Kennedy v. Gwinnett Commercial Bank, 155 Ga. App. 327, 328 (1980); Shiva Management, LLC v. Walker, 283 Ga. 338, 340 (2008); McCarter v. Bankers Trust Co., 247 Ga. App. 129, 132 (2000).

**(5)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A hereto.

**(6)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

At this time, Defendants have not retained any person who may be used at

trial to present expert testimony or evidence, therefore, there is no Attachment B.

**(7)    Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C hereto.

**(8)    In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Not applicable, therefore, there is no Attachment D.

**(9)    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Not applicable, at this time.

**(10)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

At this juncture, Defendants do not believe that there is any insurance

4

coverage for the claims alleged in the Complaint, therefore, there is no Attachment E.

# **ATTACHMENT A**

1.   Kate Crouch

     Plaintiff in this suit.  Plaintiff has knowledge of the facts and
     circumstances surrounding the subject loan transaction, the default
     thereunder, and the foreclosure proceedings that ensued.


2.   Peter Knapp
     Senior Litigation Analyst, GMAC

     Mr. Knapp has knowledge of the account records and payment history
     pertaining to Plaintiffs' loan.  He may only be contacted through the
     undersigned counsel of record.


3.   Representatives of McCurdy & Candler, LLC

     McCurdy & Candler, LLC conducted and has knowledge of the
     subject foreclosure.  McCurdy & Candler, LLC may only be contacted
     through the undersigned counsel of record.


4.   Defendants have provided or will provide to Plaintiffs certain
     documents that may identify additional individuals who may have
     discoverable information relevant to this case.  The individuals
     identified in those documents may only be contacted through the
     undersigned counsel of record.

## ATTACHMENT C

In accordance with Rule 26(a) and Local Rule 26.1, Defendants are making these initial disclosures based on information reasonably available to them at this time.  Further discovery and developments in this case may dictate the need to identify additional relevant documents and/or tangible objects.  In accordance with Fed. R. Civ. P. 26(e) and Local Rule 26.1, Defendants may supplement this disclosure.  Without waiving any objections as to relevancy or admissibility at trial, Defendants provide the following disclosure:

1.     Documents pertaining to Plaintiff's loan transaction, the default thereon, and the foreclosure proceedings that ensued, including without limitation:

- Promissory Note, Security Deed, and other loan disclosures and documents.
- Computer generated payment history and account notes.
- Foreclosure notices and documents.

These documents will be made available for inspection at the offices of Defendants' counsel of record.

This 15th day of February, 2011.

> /s/ A. William Loeffler
> A. William Loeffler
> Georgia Bar No. 755699
> *bill.loeffler@troutmansanders.com*
> Teah N. Glenn
> Georgia Bar No. 430412
> *teah.glenn@troutmansanders.com*

Troutman Sanders LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, GA  30308-2216
(404) 885-3000
(404) 885-3900 (fax)                    Counsel for Defendants

## CERTIFICATE OF SERVICE

This is to certify that I have this date filed the within and foregoing using the

Court's ECF system, which will serve same upon:

David C. Ates, Esq.
David Ates, P.C.
6400 Powers Ferry Rd., Suite 112
Atlanta, Georgia 30339

This 15th day of February, 2011.

/s/ A. William Loeffler
A. William Loeffler