IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KATE CROUCH | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION FILE |
| | : | NO.: 11-cv-00397 |
| FEDERAL NATIONAL | : | |
| MORTGAGE ASSOCIATION and | : | |
| GMAC MORTGAGE, LLC. | : | |
| | : | |
| Defendants | : | (JURY TRIAL DEMANDED) |
| | : | |

## JOINT PRELIMINARY PLANNING REPORT

1.   **Description of Case:**

(a)   **Describe briefly the nature of this action.**

This action seeks redress against the Defendants for what the Plaintiff asserts

was a wrongful foreclosure of the Plaintiff's property and what the plaintiff asserts

were wrongful attempts to evict the Plaintiff from the property.  Defendants deny

all liability.

(b)   **Summarize, in the space provided below, the facts of this case.  The**

**summary should not be argumentative or recite evidence.**

Plaintiff's statement:

On December 27,  2006 Plaintiff obtained a residential mortgage loan

through CTX Mortgage Company (hereinafter "CTX"). As part of the loan

transaction Plaintiff executed a promissory note and a security deed. The security

deed states on page 1 at ¶ C that the grantee is MERS is a separate corporation that

is acting solely as nominee for the Lender (CTX) and the Lender's successors and

assigns.  On or about October 7, 2010, prior to the non-judicial foreclosure sale of

the Plaintiff's property MERS purported to assign the Plaintiffs legal title and

promissory note to Defendant GMAC. The Plaintiff asserts that the assignment

from MERS to Defendant GMAC is a complete sham and is not valid.  Plaintiff

asserts that MERS has never sold a single note in its entire corporate history and

has successfully argued this fact in courts all throughout the country to avoid the

licensing requirement of a "mortgage lender" that each state imposes on entities

wishing to engage in the business of buying and selling mortgage loans. Moreover

Plaintiff asserts that MERS could not have sold the note as a nominee for CTX

because (i) there is absolutely no language in the note that defines any such

relationship and (ii) CTX had already sold the note to Fannie Mae and had been

paid in full shortly after the closing of the transaction in December 2006.

Plaintiff asserts that Defendant GMAC was not the holder of the note and had not

received a valid assignment of the security deed and, as such, the foreclosure sale

of the Plaintiffs property is invalid and void.

2

Pursuant to ¶ 22 of the Plaintiffs security deed, a condition precedent to the debt being accelerated, the Lender shall give the borrower notice of the default, the action required to cure the default and a date not less than thirty (30) days from the date the notice is given to borrower, by which the default must be cured. Pursuant to ¶ 22 (d) of the Plaintiffs security deed, the notice shall also state the failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the security instrument and sale of the property. The notice shall further inform the borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

Plaintiff asserts that she did not receive the notice required to be sent pursuant to ¶ 22 of the security deed before the Plaintiffs alleged debt with GMAC as trustee was accelerated and the power of sale was exercised by GMAC. Plaintiff also asserts that she notice required by OCGA 44-14-162.2 was not sent to her by the secured creditor as is required by that code section.  Because of these deficiencies Plaintiff asserts that the foreclosure on her property was not valid and wrongful.

Defendants' statement:

In 2006, Plaintiff obtained a mortgage loan secured by real property located

3

at 3635 Prestwick Drive, Tucker, DeKalb County, Georgia 30084.  GMAC became

the creditor and servicer under the loan.  Plaintiff defaulted on the terms of the

loan, and foreclosure was initiated.  The foreclosure sale occurred on November 2,

2010.  The foreclosure is proper in all respects, and Defendants deny any and all

liability.

(c)     **The legal issues to be tried are as follows:**

Plaintiff's statement:

1.      Whether Defendant violated the Fair Debt Collections Practices Act,

        if so, what are the Plaintiff's damages?

2.      Whether the foreclosure on Crouch's property was a wrongful

        foreclosure under Georgia law and, if so, what are the Plaintiff's

        damages and what equitable or other relief should be awarded to

        Plaintiff?

3.      Whether the attempted eviction of Crouch from her property was

        wrongful under Georgia law and, if so, what are the Plaintiff's

        damages?

4.      Whether Plaintiff is entitled to recover attorneys' fees and costs, and if

        so in what amount?

4

Defendants' statement:

Defendants do not believe there are any issues to be tried.  They intend to file a dispositive motion in due course.

(d)     **The cases listed below (include both style and action number) are:**

(1)     **Pending Related Cases:**          None.

(2)     **Previously Adjudicated Related Cases:**     None.

2.     **This case is complex because it possesses one (1) or more of the features listed below (please check):**     Not Applicable

_____     (1)   Unusually large number of parties

_____     (2)   Unusually large number of claims or defenses

_____     (3)   Factual issues are exceptionally complex

_____     (4)   Greater than normal volume of evidence

_____     (5)   Extended discovery period is needed

_____     (6)   Problems locating or preserving evidence

_____     (7)   Pending parallel investigations or action by government

_____     (8)   Multiple use of experts

_____     (9)   Need for discovery outside the United States boundaries

_____     (10)  Existence of highly technical issues and proof

3.     **Counsel:**

**The following individually named attorneys are hereby designated as lead counsel for the parties.**

**Plaintiff:**   David C. Ates

**Defendant:** Teah N. Glenn

**Is there any question regarding this court's jurisdiction?**

**_____Yes      ___x__No**

**If "Yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

5.    **Parties To This Action:**

(a)    **The following persons are necessary parties who have not been joined:**

None known at this time.

(b)    **The following persons are improperly joined as parties:**

None.

(c)    **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d)**     **The parties shall have a continuing duty to inform the Court of**

**any intentions regarding unnamed parties necessary to this action**

**or any contentions regarding misjoinder of parties or errors in the**

**statement of a party's name.**

6.     **<u>Amendments To The Pleadings</u>:**

**Amended and supplemental pleadings must be filed in accordance with**

**the time limitations and other provisions of Rule 15, Federal Rules of Civil**

**Procedure.  Further instructions regarding amendments are contained in LR**

**15.**

**(a)**     **List separately any amendments to the pleadings which the**

**parties anticipate will be necessary:**

None anticipated at this time.

**(b)**     **Amendments to the pleadings submitted LATER THAN THIRTY**

**(30) DAYS after the preliminary planning report is filed, or**

**should have been filed, will not be accepted for filing, unless**

**otherwise permitted by law.**

7.     **Filing Time for Motions:**

**All motions should be filed as soon as possible.  The local rules set**

**specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).**

**(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.**

**(b)     *Summary Judgment Motions*: within twenty (20) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.**

**(c)     *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection.**

**Plaintiff:**

None.

**Defendants:**

None.

**9.     Requests for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

Not at this time.

**10.     Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court as assigned to one of the following three (3) discovery tracks: (a) zero (0) months discovery period, (b) <u>four (4) months discovery period,</u> and (c) eight (8) months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.  Please state below the subjects on which discovery may be needed:**

Plaintiff needs discovery regarding the entire loan file.  All documents showing assignments of the Security Deed and the Promissory Note, the master pooling and servicing agreement and all documents reflecting ownership of the note and documents reflecting relationship between defendants and all documents related to the foreclosure sale of Plaintiff's property.

Defendants anticipate that discovery directed to Plaintiff may be needed as to certain of the affirmative defenses pled by Defendants, Plaintiff's loan default, and the lawfulness of the foreclosure.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

N/A

11.    **Discovery Limitation:**

**What changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None anticipated at this time.

12.    **Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) or (c)?**  None at this time.

13.    **Settlement Potential:**

(a)    **Lead counsel for the parties certify by their signatures below that they met at an early planning conference that was held on <u>March 4, 2011</u> and that they participated in settlement discussions, as required by LR 16.1.  Other persons who participated in the settlement discussions are listed according to party.**

**For Plaintiff:**        Lead counsel: David C. Ates

**Other participants:**

**For Defendants:**  Lead counsel:  Teah N. Glenn

**Other participants:**  A. William Loeffler

**(b)** **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_____)         A possibility of settlement before discovery.

(__X__)         A possibility of settlement after discovery.

(_____)         A possibility of settlement, but a conference with

the judge is needed.

(_____)         No possibility of settlement.

14.   **Trial by Magistrate Judge:**

(a)   The parties (_x_) do not consent to having this case tried before a

magistrate judge of this Court.

(b)   The parties (____)do consent to having this case trial before a

magistrate judge of this court. A completed Consensus to Jurisdiction

by a United States Magistrate Judge form has been submitted to the

Clerk of Court this _____ day of _____, 2011.

Dated this __14th_day of March, 2011.

*/s/ David C. Ates*
David C. Ates
State Bar No. 026281
DAVID ATES, P.C.
6400 Powers Ferry Road, Suite 112
Atlanta, Georgia 30339
(404)969-4104 - telephone
(404)969-4130 - facsimile
dates@davidateslawfirm.com

*/s/ Teah N. Glenn*
Teah N. Glenn
Georgia Bar No. 430412
*teah.glenn@troutmansanders.com*
A. William Loeffler
Georgia Bar No. 755699
*bill.loeffler@troutmansanders.com*
Troutman Sanders LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, GA  30308-2216
(404) 885-3000
(404) 885-3900 (fax)
Counsel for Defendants

*****************************************

## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Scheduling Order form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2011.

_____

UNITED STATES DISTRICT JUDGE